1

2               UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON

3                    AT TACOMA

4

5   JEANINE T. LEWIS,

               Plaintiff,        CASE NO. C14-5626 BHS

6

7        v.                   ORDER AFFIRMING DENIAL
                             OF BENEFITS

8   CAROLYN W. COLVIN, Acting
   Commissioner of Social Security,

9               Defendant.

10

11                 **I. BASIC DATA**

12   Type of Benefits Sought:

13       (X) Disability Insurance

14       (X) Supplemental Security Income

15   Plaintiff's:

16       Sex: Female

17       Age: 45 at alleged onset date

18   Principal Disabilities Alleged by Plaintiff: Bilateral hearing loss, anxiety disorder,
   fibromyalgia, and asthma.

19   Disability Allegedly Began: March 7, 2009

20   Principal Previous Work Experience: Nurse supervisor, director nursing service, and
   registered nurse.

21

   Education Level Achieved by Plaintiff: At least high school.

22

1                   **II. PROCEDURAL HISTORY—ADMINISTRATIVE**

2   Before ALJ Joanne E. Dantonio:

3         Date of Hearing: October 1, 2012, hearing transcript AR 43–69

4         Date of Decision: November 13, 2012

5         Appears in Record at: AR 23–42

6         Summary of Decision:

7                 Claimant has not engaged in substantial gainful activity since her
                alleged onset date.  She has severe impairments of bilateral hearing

8                 loss, anxiety disorder, fibromyalgia, and asthma.  Her impairments,
                even in combination, do not qualify under the Listings.

9

10                 Claimant has the residual functioning capacity to perform light
                work, subject to certain limitations.  She cannot climb ladders, ropes,

11                 or scaffolds.  She must avoid concentrated exposure to pulmonary
                irritants and hazards such as heavy machinery.  She is capable of

12                 work that requires public contact and does not require working with
                co-workers as a team or engaging in extensive conversation to

13                 complete tasks.  She can tolerate exposure to low background noise
                only.  She cannot perform work activities requiring the use of the

14                 telephone and must be able to face the speaker for communication.

15                 Claimant cannot perform any of her past relevant work.  The
                vocational expert testified that claimant can perform the following

16                 jobs: assembler production, sorter food products, crab meat
                processor, and printed circuit board pre-assembler.  Based on the

17                 vocational expert's testimony, claimant can perform substantial
                work that exists in the national economy.  A finding of "not

18                 disabled" is therefore appropriate.

    Before Appeals Council:

19

20         Date of Decision: June 6, 2014

21         Appears in Record at: AR 1–7

22         Summary of Decision: Declined review

1

**III. PROCEDURAL HISTORY—THIS COURT**

2

Jurisdiction based upon: 42 U.S.C. § 405(g)

3

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

4

**IV. STANDARD OF REVIEW**

5

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

6 denial of Social Security benefits when the ALJ's findings are based on legal error or not

7 supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

8 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than

9 a preponderance, and is such relevant evidence as a reasonable mind might accept as

10 adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

11 *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for

12 determining credibility, resolving conflicts in medical testimony, and resolving any other

13 ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

14 While the Court is required to examine the record as a whole, it may neither reweigh the

15 evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278

16 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one

17 rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

18 must be upheld." *Id.*

19

**V. EVALUATING DISABILITY**

20

The claimant, Jeanine Lewis ("Lewis"), bears the burden of proving she is

21 disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172

22 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in

any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI. ISSUES ON APPEAL

1.      Did the ALJ err in assessing medical evidence?

2.      Did the ALJ err in the vocational hypothetical and step five findings?

3.      Did the ALJ err in assessing lay witness testimony?

4.      Did the ALJ err in assessing claimant's credibility?

## VII. DISCUSSION

**A.      Dr. Scoones's Opinion**

Lewis argues that the ALJ did not provide legally sufficient reasons for rejecting Dr. Scoones's opinion.  Dkt. 16 at 4–5.

1    The ALJ must provide "clear and convincing" reasons for rejecting the

2  uncontradicted opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d

3  821, 830 (9th Cir. 1995). The ALJ, however, does not need to provide clear and

4  convincing reasons when the ALJ does not reject the physician's conclusions. *Turner v.*

5  *Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010).

6    Dr. Scoones treated Lewis for hearing loss. AR 341–51. On March 29, 2012, Dr.

7  Scoones examined Lewis and concluded that she "has severe communication difficulties

8  and will have problems hearing and understanding in the workplace that has varied levels

9  of ambient noise." AR 366.

10    Although Lewis argues otherwise, the ALJ did not reject Dr. Scoones's opinion.

11  Instead, the ALJ explicitly adopted Dr. Scoones's opinion and incorporated his

12  conclusions in the residual functional capacity finding. AR 31, 34. Specifically, the ALJ

13  found that Lewis "can tolerate exposure to low background noise only," and "cannot

14  perform activities requiring the use of the telephone and must be able to face the speaker

15  for communication." AR 31. The ALJ also found Lewis "capable of work that requires

16  public contact and does not require working with co-workers as a team or engaging in

17  extensive conversation in order to complete tasks." *Id.* Thus, the ALJ did not need to

18  provide clear and convincing reasons for rejecting Dr. Scoones's opinion, because the

19  ALJ did not reject Dr. Scoones's opinion.

20    Lewis nevertheless argues that the ALJ's residual functional capacity finding was

21  in error because "Dr. Scoones specified severe communication difficulties that

22  presumably would rule out any public contact and any background noise." Dkt. 16 at 5.

1    Dr. Scoones's opinion, however, did not specifically rule out contact with the public or

2    any background noise.  AR 366.  Rather, Dr. Scoones determined that Lewis had severe

3    communication difficulties and problems with varied levels of ambient noise.  *Id.*  The

4    ALJ reasonably accounted for Dr. Scoones's opinion by limiting Lewis to a work

5    environment with minimal co-worker interaction and low background noise.  AR 31.

6    Although Lewis interprets Dr. Scoones's opinion differently than the ALJ, the

7    interpretation of evidence is within the ALJ's purview.  *See Thomas*, 278 F.3d at 954.

8            Even if the ALJ's residual capacity finding was in error, any errors regarding

9    public contact and the level of background noise are harmless.  None of the jobs that the

10   ALJ relied on at step five require public contact, talking, or hearing to perform regular

11   duties.  *See* Production Assembler, DOT code 706. 687-101, *available at* 1991 WL

12   679074; Sorter Food Products, DOT code 529.687-186, *available at* 1991 WL 674781;

13   Crab Meat Processor, DOT code 525.687-126, *available at* 1991 WL 674469; Printed

14   Circuit Board Pre-Assembler, DOT code 726.687-038, *available at* 1991 WL 679639.

15           In sum, Lewis fails to establish that the ALJ erred in assessing Dr. Scoones's

16   opinion.

17   **B.    Step Five Findings**

18           Next, Lewis argues that the ALJ erred at step five because the ALJ considered

19   jobs that required reasonable accommodation under the Americans with Disabilities Act

20   ("ADA").  Dkt. 16 at 5–7.

21           In assessing whether a claimant can do other work that exists in significant

22   numbers in the national economy, the ALJ may not consider whether the claimant could

1    perform such work with accommodations.  SSR 11-2p; *see also Cleveland v. Policy*

2    *Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999).

3         The vocational expert identified four jobs that Lewis could perform based on the

4    ALJ's residual functional capacity finding.  AR 64–65.  In identifying these jobs, the

5    vocational expert noted that "periodic supervisor contact" may be required.  AR 65.  The

6    vocational expert, however, clarified that "these jobs are really show me and not tell

7    me . . . for the most part."  AR 66.  When questioned by Lewis's attorney about the

8    periodic supervisor contact, the vocational expert stated that the contact could occur

9    where the work was being performed or in a separate room that was quiet.  AR 67.

10        Based on this testimony, Lewis contends that the vocational expert "identified

11   only jobs that would require an additional ADA reasonable accommodation, periodic

12   supervisor contact in a quiet space."  Dkt. 16 at 6.  As a preliminary matter, the ALJ

13   made no reference to such accommodations in the residual functional capacity finding or

14   in the vocational hypothetical.  *See* AR 31, 37, 63–64.  Additionally, the vocational

15   expert did not testify that reasonable accommodations were required for Lewis to perform

16   the jobs in question.  The vocational expert testified only that periodic supervisor contact

17   could occur where the work was being performed or in a separate room that was quiet.

18   AR 67.  Although the vocational expert noted that employers have a duty to

19   accommodate under the ADA, the vocational expert clarified that taking a worker to a

20   quiet area "may not always happen."  *Id.*  The possibility that some worksites would have

21   a quiet room available does not mean that this feature was required in order for Lewis to

22   perform the position.  Indeed, the vocational expert testified that periodic supervisor

1    contact could occur without reasonable accommodations. *Id.* In sum, the vocational

2    expert's testimony does not establish that reasonable accommodations were necessary for

3    Lewis to perform the jobs in question. Lewis fails to establish that the ALJ erred at step

4    five.

5    **C.   Husband's Testimony**

6        Lewis also argues that the ALJ did not provide germane reasons for rejecting her

7    husband's testimony. Dkt. 16 at 7–8.

8        Lay witness testimony regarding a claimant's symptoms "is competent evidence

9    that an ALJ must take into account," unless the ALJ "expressly determines to disregard

10    such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*,

11    236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite to

12    the specific record as long as "arguably germane reasons" for dismissing the testimony

13    are noted and substantial evidence supports the ALJ's decision. *Id.* at 512.

14        In his declaration, Lewis's husband stated that Lewis was able to walk their dog

15    on the beach because she did not have to interact with anyone. AR 277. The ALJ

16    rejected this statement because it was "inconsistent with [Lewis's] reported functioning."

17    AR 34.

18        The ALJ provided a germane reason for rejecting the testimony of Lewis's

19    husband. Lewis's husband stated that Lewis was able to walk their dog on the beach.

20    AR 277. Lewis, however, testified that she does not go out alone. AR 59. Although

21    Lewis's husband clarified that Lewis would not interact with anyone while walking the

22    dog, his statement that Lewis could walk their dog is still inconsistent with Lewis's

1   testimony that she does not go out alone.  Thus, the ALJ did not err in rejecting the

2   testimony of Lewis's husband.

3   **D.     Lewis's Credibility**

4          Finally, Lewis argues that the ALJ did not provide legally sufficient reasons for

5   discounting her testimony about her fibromyalgia symptoms.  Dkt. 16 at 8–10.

6          Absent evidence of malingering, the ALJ must provide clear and convincing

7   reasons to reject a claimant's testimony about the severity of her symptoms.  *Lingenfelter*

8   *v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  "General findings are insufficient; rather,

9   the ALJ must identify what testimony is not credible and what evidence undermines the

10  claimant's complaints."  *Lester*, 81 F.3d at 834.  "In weighing a claimant's credibility, the

11  ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony

12  or between his testimony and his conduct, his daily activities, his work record, and

13  testimony from physicians and third parties concerning the nature, severity, and effect of

14  the symptoms of which he complains."  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th

15  Cir. 1997).

16         Here, the ALJ found that Lewis's testimony about her fibromyalgia symptoms was

17  not fully credible.  AR 34.  The ALJ did not cite any evidence of malingering; therefore,

18  the clear and convincing standard applies.  The ALJ gave two reasons for discrediting

19  Lewis's testimony: (1) Lewis's medical records from her treating physician show only

20  one passing reference to her fibromyalgia symptoms, and no treatment for this

21  impairment; and (2) Lewis was still able to work for some time with these symptoms, and

22  is able to manage daily chores.  *Id.*

1    Lewis argues that her failure to seek treatment for fibromyalgia is not a clear and

2  convincing reason because she reported in the record that she could not afford treatment.

3  Dkt. 16 at 9 (citing AR 286, 362).  Although financial constraints may have limited the

4  amount of treatment that Lewis received, this fact does not undermine all of the ALJ's

5  reasoning.  Lewis still did not report her fibromyalgia symptoms when she was attending

6  treatment.  For example, Lewis made no mention of her symptoms when she sought

7  treatment in January 2012.  AR 361.  Indeed, as the ALJ noted, Lewis's treatment record

8  shows only one reference to her fibromyalgia.  AR 312.  The failure to report symptoms

9  or limitations to medical providers is a clear and convincing reason for discrediting a

10  claimant's testimony.  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

11  Accordingly, the ALJ offered a legally sufficient reason for discrediting Lewis's

12  testimony.

13                    **VIII. ORDER**

14    Therefore, it is hereby **ORDERED** that the Commissioner's final decision

15  denying Lewis disability benefits is **AFFIRMED**.

16    Dated this 11th day of February, 2015.

17

18    _____

19    BENJAMIN H. SETTLE
      United States District Judge

20

21

22